IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:08cv12-DCB-MTP

CONSTANCE REESE, EDEN WHITE,
CHRISTOPHER CURRY AND
PATRICIA STANSBURY                                                        RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, a federal inmate incarcerated at the Federal Correctional Institution (FCI), Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 and paid the filing fee on January 29, 2008. An order [2] was entered on April 18, 2008, directing the petitioner to provide additional information concerning the allegations of his petition. Petitioner filed his response [3] on April 24, 2008. Having reviewed the petition [1] and his response [3], the court makes the following determination.

Background

In the case at bar, petitioner is challenging the actions of the Bureau of Prisons Unit Discipline Committee regarding an infraction (Incident Report #1637179) he received at the FCI-Yazoo on August 27, 2007. According to an attachment to his petition, the Bureau of Prisons Unit Discipline Committee found petitioner guilty of this infraction, *i.e.*, failing to follow safety or sanitation regulations; refusing to obey an order of any staff; and insolence towards a staff member on August 29, 2007. Petitioner was sanctioned by a loss of commissary privileges for 30 days, loss of telephone privileges for 60 days and loss of visitation privileges for 90 days. (Pet. [1] p. 10).

Petitioner presents the following allegations in his petition [1] regarding the instant infraction, hearing and resulting sanctions: (1) he was not allowed to call witnesses at the hearing; (2) one of the members of Unit Discipline Committee failed to recuse himself in light of the fact that petitioner has a pending lawsuit against him; (3) he was not presented with a written statement of reasons for the sanctions imposed; and (4) the committee failed to consider the entire record. Petitioner requests injunctive and declaratory relief as well as the incident report and other documentation relating to the complained of incident be expunged from his prison record.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36.

Having liberally construed the instant petition, this court finds that the petitioner is not challenging the Bureau of Prisons' execution or calculation of his federal sentence. The petitioner is challenging the conditions of his confinement, *i.e.*, a disciplinary hearing which resulted in petitioner's loss of commissary privileges for 30 days, loss of telephone privileges for 60 days and loss of visitation privileges for 90 days, at FCI-Yazoo. See Payne v. Dretke, 80 Fed. Appx. 314, 2003 WL 22367564 (5th Cir. Oct. 17, 2003)(not selected for publication in Federal

Reporter)(A habeas petition is not the proper legal mechanism to use when a favorable determination of the claims would not result in an accelerated release of the petitioner from prison.). Clearly, the issues presently before this court has nothing to do with a claim of early release from his incarceration or detention with the Bureau of Prisons. Moreover, the punishment the petitioner received as a result of the disciplinary hearing -restriction of telephone privileges, commissary, and visitation- does not implicate a liberty interest under the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

As for his claim of retaliation against defendant Curry, he must pursue this matter by filing a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Since the allegations of the instant petition are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, this habeas corpus petition will be dismissed without an evidentiary hearing.

## Conclusion

For the reasons discussed above, the petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the conditions of his confinement while housed at FCI-Yazoo City. Consequently, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and his conditions of confinement claims are dismissed without prejudice so that the petitioner may pursue those claims in the proper manner.

SO ORDERED this the ___27th___ day of January, 2009.

                                    __s/ David Bramlette__
                                    UNITED STATES DISTRICT JUDGE